IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

A'NICHOLAS JAMARIO NELSON                                           PLAINTIFF

v.                              Civil No. 6:17-CV-06078

SHERIFF DAVID NORWOOD, JAIL                                        DEFENDANTS
ADMINISTRATOR JAMES BOLTON,
JAILER CODY BRIGHT, JAILER ZACHARY
CRIAG and SHIFT SUPERVISOR JAMES
SMITH

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.    BACKGROUND

Plaintiff filed his Complaint on August 21, 2017. (ECF No. 1). He alleges that, while incarcerated in the Ouachita County Detention Complex, Defendants Craig, Bright, and Smith placed him in a pod with inmates on Plaintiff's enemy alert list. Plaintiff alleges he was placed in the pod for "unknown reasons." Plaintiff alleges he was stabbed twice by a known enemy as a result of this placement. (ECF No. 1 at pp. 5-6).

Plaintiff proceeds against all Defendants in their official capacity only. (ECF No. 1 at p. 4). Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at p. 8).

1

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that:  (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Plaintiff listed Defendants Norwood and Bolton in his case caption, but failed to make any allegations against them elsewhere in his Complaint.  Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (stating that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).  Even in an official-capacity suit under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Sexton v. Wayne*, 4:13-cv-3171, 2014 WL 1767472, at *1 (D. Neb. May 2, 2014) (quoting *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989)).  Plaintiff therefore failed to state a plausible claim against Defendants Norwood and Bolton.

Plaintiff also failed to allege a plausible official-capacity claim against the remaining Defendants. Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch*, the Eighth Circuit Court of Appeals discussed the distinction between individual and official-capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.

*Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Bd. of Cnty. Comm'rs, Okla. v. Brown*, 520 U.S. 397, 405 (1997).

Here, Plaintiff failed to make any allegation that a custom or policy of Ouachita County was responsible for the violation of his constitutional rights. Instead, he simply alleged that Defendants Craig, Bright, and Smith placed him in the pod for "unknown reasons." Plaintiff therefore failed to state a plausible official-capacity claim against these Defendants.

For these reasons, Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. A separate Judgment will be entered.

**IT IS SO ORDERED**, this 27th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge